Dismissed and Memorandum
Opinion filed June 24, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00337-CV

____________

 

GORDON R. SIMMONDS, Appellant

 

V.

 

CHARLES T. O=REILLY, ROBERT R. TREON, KEVIN MAYFIELD, 

BILL LEWIS and NATHANIEL QUARTERMAN, Appellees

 



 

On Appeal from the
12th District Court

Walker
County, Texas

Trial Court Cause
No. 23,962

 



 

M E M O R A N D U M   O P I N I O N

 

Appellant Gordon R. Simmonds, an inmate who is appearing pro se
and in forma pauperis, appeals from the trial court’s no-evidence summary
judgment.  Appellant filed suit under 42 U.S.C. § 1983, claiming that
appellees, who are prison officials, violated his constitutional rights by
ordering him to move his property during unit searches, or “shake-downs.”  We
dismiss the appeal for want of jurisdiction.

The record reflects that the underlying suit was filed by plaintiffs
Gordon R. Simmonds, Freddie L. McKenzie, Donald J. Thompson, Donald F.
Atkinson, William T. Carey, Gene Guinn, and Charles E. Madden.[1]   Each of these pro se inmates signed the
petition, making them parties to the suit.  Appellees’ Motion for No-Evidence
Summary Judgment addressed only the claims made by appellant Gordon R.
Simmonds.  See Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193,
204 (Tex. 2002) (holding that trial court can only grant summary judgment on
grounds expressly presented in motion).  The record contains no order
dismissing or otherwise disposing of the claims of these other plaintiffs. 
Accordingly, the judgment in this case is not final.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 205-06 (Tex. 2001) (recognizing that appellate court
may be required to review record to determine whether all pending claims and
parties have been disposed of, even though order states that it is final).  

Notification was transmitted to the parties of the court’s intention to
dismiss the appeal for want of jurisdiction unless any party demonstrated that
this court has jurisdiction over the appeal.  Appellant responded with a request
that we abate the appeal so that a final judgment may be entered.  Appellees
did not respond to this court’s notice or to appellant’s motion.  We deny
appellant’s request.  See Tex. R. App. P. 27.2 (giving the appellate
court discretion whether to permit abatement when the order being appealed is
not final).  Dismissal of this appeal is without prejudice to filing a new
appeal after a final judgment has been signed.

Accordingly, the appeal is ordered dismissed.  

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Boyce. 









[1]  . On
December 12, 2007, an amended petition was filed naming the following as
plaintiffs:  Gordon R. Simmonds, Freddie L. McKenzie, Donald F. Atkinson,
William T. Carey, Gene Guinn, Charles E. Madden, James W. Walker, Ronald
Foreman, Billy J. Everett, Kenneth R. Green, Arther Phillips, Allen L. Meeks,
Robert Blakney, Wayland Tolbert, Kennith W. Lorentz, Charles Woolwine, David L.
Wisdom, Michael D. Schipull, Richard L. Swain, and David Clark.  The petition
states that it intended to drop Donald J. Thompson from the suit.  The amended
petition is signed only by Gordon R. Simmonds, however.  Appellant also filed
an amended notice of appeal naming numerous other inmates as appellants.  Simmonds,
a pro se non-attorney, may not file pleadings on behalf of other
parties.  Each party may prosecute or defend his or her own rights.  See
Tex. R. Civ. P. 7 (AAny party to a suit may appear and prosecute or defend
his rights therein, either in person or by an attorney of the court.@).  Because appellant is not an attorney, however, he
may not represent others.  See Tex. Gov=t Code Ann. ' 81.102(a) (Vernon 2005) (defining unauthorized
practice of law); Tex. Pen. Code Ann. '
38.123 (Vernon 2003) (explaining that unauthorized practice of law is a Class A
misdemeanor); Crain v. The Unauthorized Practice of Law Comm. of the Sup.
Ct. of Tex., 11 S.W.3d 328, 332‑34 (Tex. App.CHouston [1st Dist.] 1999, pet. denied) (explaining
that a person who is not a licensed attorney may not represent other persons in
legal matters); see also Shafer v. Frost Nat=l Bank, No.
14‑06‑00673‑CV, 2008 WL 2130418 (Tex. App.—Houston [14th
Dist.] May 22, 2008, no pet.) (mem. op.) (concluding that a pro se
plaintiff unlicensed to practice law may not represent or defend the rights of
other pro se plaintiffs).  Thus, the only appellant before this court is
Gordon R. Simmonds.